IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 11-cr-00326-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LAQUAN D. HARGROVE,

    Defendant.

**ORDER**

This matter comes before the Court for consideration of the Defendant's present competency to stand trial. On October 10, 2011, the Court ordered the defendant committed to the custody of the United States Attorney General for a mental competency evaluation by a Bureau of Prisons forensic psychiatrist, pursuant to 18 U.S.C. § 4247(b). [ECF No. 30] The forensic psychiatrist, Dr. David Morrow, subsequently submitted a report and recommendation, which has been reviewed by the Court and counsel. In his report, Dr. Morrow detailed his examination of the defendant, his review of pertinent records, and his administration of several tests employed by the forensic psychiatry community to evaluate mental competency. He concluded that the defendant is currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in the defense. Following his findings, Dr. Morrow recommended that, if the

Court finds the defendant incompetent to stand trial, he should be committed to a federal medical center for treatment for restoration to competency.

Pursuant to 18 U.S.C. § 4241(d), if the Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court shall commit the defendant to the custody of the Attorney General for a period not to exceed four months to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward. On January 10, 2012, the Court held a hearing, at which both parties stated they had no objections to the report and had no evidence to counter its conclusions. Accordingly, the Court concludes that a further evidentiary hearing is unnecessary. The Court adopts Dr. Morrow's report and finds, by a preponderance of the evidence, that the defendant is presently incompetent to stand trial. It is hereby

**ORDERED** as follows:

1. That the defendant is committed to the custody of the Attorney General for treatment in a suitable facility (as defined by 18 U.S.C. § 4247(a)(2)) for such a reasonable period, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward;

2. That on or before **Friday, April 13, 2012,** counsel for the parties shall contact Chambers to set the matter for a status conference;

3. That, pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c); and

4. That the United States Marshal for the District of Colorado is authorized and directed to transport the defendant to the Federal Bureau of Prisons for placement by the Bureau of Prisons in a suitable facility for hospitalization and treatment as provided in this order.

Dated: January 12, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE