IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 11-cr-00326-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LAQUAN D. HARGROVE,

    Defendant.

## DISCOVERY PROTECTIVE ORDER

THIS MATTER comes before the Court on the government's Unopposed Motion for Protective Order [ECF No. 45], filed August 1, 2012. The Court, having considered the motion, makes the following findings of fact:

1. Defendant Laquan Hargrove is charged in a three-count Indictment with (1) forcibly assaulting a federal officer, in violation of 18 U.S.C. § 111(a)(1) and (b); (2) forcibly resisting, opposing, impeding, intimidating, and interfering with federal officers, in violation of 18 U.S.C. § 111(a)(1); and (3) forcibly assaulting a female victim on Fort Carson, in violation of 18 U.S.C. § 113(a)(1).

2. The government has received various materials throughout the course of the investigation, including documents that contain medical information about one or more victims in this case.

3. In producing discovery to defense counsel, the government requests entry of a Protective Order, implementing the mechanisms stated below. For ease of identification, the government will provide corresponding Bates numbers to defense counsel.

4. The government has consulted with defense counsel, who advised that he does not oppose the issuance of the Protective Order.

WHEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

1. The government will provide Bates numbers of the documents containing medical information, as outlined above. Defense counsel shall keep the records and any notes or other materials prepared based upon or referring to information in those records in strict confidence. Defense counsel shall use them exclusively in connection with this case (including trial preparation, trial, appeals, or other related legal proceedings) and for no other purpose.

2. The records may be viewed only by Defendant, defense counsel, and such members of his staff as are necessary for the purposes outlined above and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of defense counsel. Defense counsel shall ensure all persons in his office who are to handle such information read this Order and are informed of their responsibility to safeguard this information.

3. Defense counsel shall make only such copies as are necessary to prepare a defense of this criminal case. Defense counsel shall keep a written record concerning to whom those copies were delivered and shall deliver a copy of this Order

with the materials. No person other than defense counsel shall make any copy of these materials for any purpose whatsoever.

4. Copies of the records shall not, under any circumstances, be provided to Defendant without petition to and further order of the Court. Defendant may be allowed to view the documents, but only while in the direct presence of defense counsel.

5. A copy of this Order shall be kept with the records at all times.

6. To the extent the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the privacy rules set forth at 45 C.F.R., Parts 160 and 164, or any other privacy right may be asserted as a basis for withholding these documents, or portions of these documents, the Court hereby authorizes the Department of Justice and its agents or representatives to produce the subject documents, because the information contained therein is relevant to the subject matter involved in the pending case, or appears reasonably calculated to lead to the discovery of admissible evidence, and that the need for disclosure of such documents outweighs concerns against disclosure so long as the protective measures contained within this Order are taken.

7. At the conclusion of the case in this Court, by entry of the Court's judgment, defense counsel within ten days shall collect all such copies and return them to the government.

Dated: August 6, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL
CHIEF UNITED STATES DISTRICT JUDGE